THOMAS B. BOOTH, PLAINTIFF-RESPONDENT, v. CHARLES F. KRAEMER, DEFENDANT-APPELLANT.

Submitted December 8, 1923—Decided March 3, 1924.

Agency—Real Estate Commissions—Commission Due a Sub-Agent for Procuring Sale in Which Principal Could Not Perform Because of Inability to Perfect Title—Settlement Between Principal and Agent—Amount Due Sub-Agent Who Worked on Commission Followed and Must be Paid Out of Settlement Between Principal and Agent.

On appeal from the Essex County Court of Common Pleas.

Before Justices KALISCH and KATZENBACH.

For the defendant-appellant, *Jacob L. Newman.*

For the plaintiff-appellee, *Hary Levin.*

PER CURIAM.

This is an appeal by the defendant below from a judgment, in the Essex County Court of Common Pleas, rendered upon the verdict of a jury in favor of the plaintiff below, for the sum of $2,284 damages and $56.68 costs. The suit was instituted against Dr. Charles F. Kraemer, a realtor of Newark. The plaintiff was Thomas Booth, a former employe of the defendant.

The evidence shows that the Klaxon Horn Company owned a manufacturing plant in the city of Newark. It desired to sell this plant. It employed Dr. Kraemer as a broker for this purpose. Booth was in the office of Dr. Kraemer, at the time working upon what is known as a forty-sixty basis; that is to say, if Booth effected a sale of a property he was to receive forty per cent. of the commissions, sixty per cent. going to Dr. Kraemer.

On April 9th, 1920, Kraemer and Booth went to the Klaxon company's plant and saw its president, Mr. McCon-

nell, who gave in writing to Kraemer an exclusive authority to sell the company's plant for $250,000, or such other price as the Klaxon company might thereafter consent to. The agreement provided that if a purchaser was procured then Kraemer was to receive as commissions five per cent. of the purchase price. Booth took up for Kraemer the procuring of a customer for the property. The evidence discloses that Booth was busy for many months, following up different leads which he thought might result in a sale of the property. Finally, through the efforts of Booth, a sale of the plant to the Wallace & Tiernan Company, for the sum of $200,000, was effected. An agreement of sale was drawn up and executed by the parties. This was on October 20th, 1920. About November 1st, following, Kraemer informed the plaintiff that the deal was off; that the Klaxon company could not deliver a deed for the property because their title was bad. It appears that portions of the plant were built upon property held by the Klaxon company through tax titles.

Booth remained with Kraemer until August 17th, 1921, when he left his employ. Kraemer stated to Booth that he had never received anything for his services in connection with the sale of the Klaxon property. Booth afterwards learned that Kraemer had been paid $5,000 by the Klaxon company. Kraemer appears to have accepted this in lieu of his commissions of $10,000. Booth upon learning this instituted the present action against Kraemer and recovered the judgment above mentioned. The judgment was evidently based upon the theory that Booth was entitled to forty per cent. of the sum of $5,000 received by Kraemer. Kraemer contended that the $5,000 was for the purpose of defraying his expenses and was not for commissions, and that for reasons of policy he had foregone any commissions which he might have claimed under the agreement with the Klaxon company.

The reasons or grounds of appeal appearing in the record are five in number. They all appear, with the exception of

the fifth, to have been abandoned. Counsel for the appellant states in his brief that there are three grounds of appeal, as follows:

1. That there was error, in the assumption by the court in its charge to the jury, that the relations existing between the defendant-appellant and the plaintiff-respondent amounted to those recognized to exist between brokers associated for the purposes of transaction, or to those between a broker and a sub-agent.

2. That there was no proof that Dr. Kraemer had received any commissions from the Klaxon company; and

3. That the court erred in not directing a verdict for the defendant, in view of the fact that the relationship between the parties was shown to have been one of employer and employe.

An appellant has no right to substitute for the grounds of appeal filed other grounds of appeal. They need not be considered. We will, as a matter of grace, not of right, consider the grounds or reasons stated in the brief.

As to the first ground of appeal there is no objection or exception in the record which raises this point. It, however, seems to us to be quite immaterial as to what the relationship was between Booth and Kraemer. The question was whether Booth was to receive for his efforts in consummating the sale forty per cent. of such commissions as Kraemer received. It made no difference whether the relationship was that of broker, or of broker and sub-agent, or of principal or agent, or of employer and employe.

The second ground of appeal, as stated in the brief, is not specified as a ground of appeal in the record. There is nothing in the record which discloses that any objection to evidence or the insufficiency of the proof was stated to the trial judge upon which he ruled adversely. There is also no merit in the appellant's contention. There was proof that Kraemer had received $5,000 from the Klaxon company. It was for the jury to determine whether this was paid for commissions or something else.

With reference to the third ground of appeal, we cannot see how this is available to the plaintiff. The record does not show that the ground of objection now made was stated to the trial court and that the trial court ruled thereon adversely to the appellant. The appellant at the conclusion of the case moved for the direction of a verdict on the ground that there was no question of fact for the jury to determine. This motion was denied. No exception to the court's ruling was taken. This has nothing to do with the point now insisted upon that a verdict should have been directed because the relationship between the parties was that of employer and employe.

The judgment is affirmed, with costs.